## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| JOSEPH BARRY, and CHRIS MOORE, on behalf of themselves and others similarly situated, | Jury Trial Requested |
| Plaintiff, | |
| vs. | Case no.: 15-cv-0382 |
| SAN JUAN CONSTRUCTION, INC. | |
| Defendants. | |

## COMPLAINT
### Collective Action under Fair Labor Standards Act

**COME NOW**, the Plaintiffs Jospeh Barry and Chris Moore, on behalf of themselves and all others similarly situated, by and through their attorneys Donelon, P.C., and bring this action against Defendant San Juan Construction, Inc. for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiffs' conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in the United States District Court for Colorado pursuant to 28 U.S.C. § 1391 because Defendant maintains a business location in Montrose, Colorado, and does business in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant San Juan Construction, Inc. is a Colorado corporation registered to do business and in good standing in the State of Colorado operating its principal office at 401 E. Main Street, Montrose, Colorado. Defendant is a full service general contractor whose work includes government construction projects. Defendant has a registered agent in the State of Colorado as follows: Ronald Leach, 401 E. Main Street, Montrose, Colorado.

4. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

5. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Plaintiff Joseph Barry is an adult resident of the state of Colorado. Plaintiff worked for Defendant as a plumber from on or about July 2012 through on or about April 2013 on a construction project located on the Kwajalein Atoll. Numerous other employees worked for Defendant on this atoll over the past three years.

7. Plaintiff Chris Moore is an adult resident of the state of Washington. Plaintiff worked for Defendant as a journeyman electrician from on or about April 2013 through on or about April 2014 on a construction project located on the Kwajalein Atoll. Numerous other employees worked for Defendant on this atoll over the past three years.

8. Plaintiffs and others similarly situated are individuals who were, or are, persons employed by Defendant in the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462) [43 U.S.C.A. § 1331 et seq.]; American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll;

and Johnston Island; and were not paid time and one half their regular rate of pay for all hours worked in excess of forty hours per workweek.

9. Plaintiffs, and others similarly situated, are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

10. Plaintiffs and others similarly situated have been employed by Defendant within three years prior to the filing of this lawsuit. *See* 29 U.S.C. § 255(a).

11. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Plaintiffs and others similarly situated worked as employees for Defendant in the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462) [43 U.S.C.A. § 1331 et seq.]; American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island; and were not paid time and one half their regular rate of pay for all hours worked in excess of forty hours per workweek.

13. As construction workers, Plaintiffs and others similarly situated had or have primary duties whereby they are entitled to overtime compensation under the FSLA. The FLSA, in particular § 213(f), requires employees working in the following foreign territories to be paid overtime pursuant to the FLSA: in the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462) [43 U.S.C.A. § 1331 et seq.]; American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island.

14. Regardless of these locations, Plaintiffs and others similarly situated have been determined by Defendant as being ineligible for overtime pay under the FLSA in

3

that Defendant paid, and continues to pay, the regular rate of pay, instead of the correct overtime rate of pay, for hours worked in excess of forty per workweek. Doing so violates the FLSA.

15. Regardless of these locations, Plaintiffs and others similarly situated routinely worked in excess of forty hours per workweek during their employment with Defendant without receiving overtime compensation as required under the FLSA. Records reflecting these exact weeks are in the Defendant's possession. As an example, during the pay period ending January 26, 2013, Plaintiff Barry worked 20 hours of overtime; however, he was not paid time and one half of his $39.00 regular rate of pay for these hours. As an example, during the pay period ending March 9, 2013, Plaintiff Moore worked 20 hours of overtime; however, he was not paid time and one half of his $27.00 regular rate of pay for these hours.

16. The FLSA requires covered employers, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

17. Defendant's conduct was willful and in bad faith. Defendant was aware, or should have been aware, that Plaintiffs and others similarly situated performed work that required payment of overtime compensation.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

18. Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

4

19.     Plaintiffs file this action on behalf of themselves and all individuals similarly situated. The proposed collective class for the FLSA claims is defined as follows:

> All persons who performed work on the Defendant's behalf in the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462) [43 U.S.C.A. § 1331 et seq.]; American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island within three years of the filing date of this Complaint, and were not paid time and one half their regular rate of pay for all hours worked in excess of forty hours per workweek (hereafter the "FLSA Collective").

20.     During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

21.     Plaintiffs and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiff and the FLSA Collective.

22.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

23.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

24.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's common policies and plans of failing to

pay overtime under the FLSA, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
### *On Behalf of Plaintiff and Those Similarly Situated*

25. Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

26. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

27. Defendant suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

28. Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate.

29. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

30. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

31. The foregoing conduct, as alleged, constitutes a willful violation of the

FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it failed to pay Plaintiff and those similarly situated overtime as required under the FLSA;

c) Judgment against Defendant for Plaintiffs and those similarly situated for unpaid back wages, and back wages at the applicable overtime rates;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

## **DEMAND FOR JURY**

The Plaintiffs in the above captioned matter hereby demands a jury for all claims set forth herein.

Respectfully Submitted,

the law office of **DONELON, P.C.**   www.donelonpc.com

*/s/ Brendan J. Donelon*
Brendan J. Donelon
Daniel W. Craig*
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    (816) 221-7100
Fax:    (816) 709-1044
brendan@donelonpc.com
dan@donelonpc.com

ATTORNEYS FOR PLAINTIFF

**pro hac vice anticipated*

8